I must respectfully dissent from the opinion espoused by the majority herein as I do not agree with the analysis as it pertains to appellants' second assignment of error. The record in the case at bar supports appellees' contention that no evidence was presented to establish that appellees created a hazardous condition. Absent a showing that either appellees created the hazardous condition or they had knowledge of the existence of a dangerous condition and failed to provide notice of such, appellants are unable to prevail. Combs, supra.
The majority in the present case concedes that appellees did not have actual knowledge of the existence of a dangerous condition and similarly a dangerous condition had not existed for a sufficient length of time so as to establish constructive knowledge. Therefore, in order for appellants to prevail, reliance had to be placed upon the argument that appellees actually created the hazardous condition. The record in the present case is devoid of any evidence establishing the creation of a hazardous condition. While appellees did place the carpet on the floor inside the door to the store, this fact alone is not sufficient to give rise to the inference that a hazardous condition was created. If this were the case, a store owner would essentially be creating a liability where none previously existed. In order to preclude summary judgment, appellants needed to provide some other fact in addition to the mere existence of the carpet to establish that appellees were responsible for creating a hazardous condition.
A review of appellant Lucy Schuley's deposition testimony is particularly revealing in regards to the lack of evidence supporting the majority's conclusion. Throughout the deposition, appellant made repeated references to the fact that she never observed the condition of the rug prior to her fall. While she did notice that the carpet was "buckled" subsequent to the fall, she was not able to establish whether there were any abnormalities in the carpet prior to the fall. Furthermore, appellant could not attest to what precisely caused the buckling. In that no evidence was presented to establish that it was appellees rather than appellant that caused the carpet to "buckle," it cannot be held that it was appellees' actions which created a hazardous condition. Similarly, it cannot be assumed that the "buckle" in the carpet was a natural result of the manner in which the carpet was placed on the floor.
The facts before this court in the present case bear a striking resemblance to the facts contained in Nagy v. Viacom (Nov. 24, 1993), Cuyahoga App. No. 62314, unreported. As in the present case, the plaintiff in Nagy was unable to testify as to the condition of the carpet prior to the fall. The only time in which there was an opportunity to observe the condition of the carpet was during or immediately after the plaintiff had fallen to the ground. Moreover, the plaintiff could not state whether the carpet was lifted up prior to the fall or whether such occurred as a result of the fall. The only support for the plaintiff's position that the store owner was liable was the assumption that the "wrinkle" in the carpet was present before the fall and caused the plaintiff to trip. In the presence of conjecture alone, the appellate court was not willing to reverse the trial court's decision to grant summary judgment for the store owner.Id. at 3.
As was the court's decision in Nagy, I would be unwilling to overturn the trial court's grant of summary judgment due to the lack of any support for a finding that appellees had created a hazardous condition. As previously stated, the placement of the carpet for the benefit of invitees does not equate to a hazardous condition. In order for appellants to succeed, some evidence needed to be introduced into the record that the carpet was somehow defective thereby causing the fall to occur.
In the absence of such proof, I must conclude that the net result of appellant's efforts to reduce potential harm to its business invitees was to increase its liability. Such an incongruous result would have been avoided if the majority embraced a standard whereby liability attaches only upon a showing that the store owner's actions were either inherently dangerous, or the business entity had actual or constructive knowledge of a dangerous condition. Since the record is devoid of support for either of those standards, the trial court acted properly.
For these reasons, I respectfully dissent from the majority opinion.